## (June 7, 1971)

**1** FLORA BISHOP, Respondent, v. MORRIS KUSHNER, Appellant, et al., Defendants.— In a negligence action to recover damages for personal injuries, defendant Kushner appeals from a judgment of the Supreme Court, Nassau County, entered June 30, 1970, against him and in favor of plaintiff upon a jury verdict of $37,500. Judgment reversed, on the law, and new trial granted as between plaintiff and defendant Kushner, with costs to abide the event, unless, within 30 days after entry of the order hereon, plaintiff shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict to $20,000 and to the entry of an amended judgment accordingly, in which event the judgment as so amended is affirmed, without costs. In our opinion, the verdict was excessive to the extent indicated herein. Whether or not the exclusion of the welfare records was error, nevertheless the exclusion was not prejudicial under the circumstances of this case. Hopkins, Acting P. J., Munder, Latham, Gulotta and Brennan, JJ., concur.

■ ROBERT BURNS et al., Appellants, v. CHARLES ARENA et al., Respondents. — In a negligence action to recover damages for personal injuries, loss of services, etc., plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County, dated January 8, 1971, as, on reargument, adhered to the original decision denying their application for a general preference. Order reversed insofar as appealed from, with one bill of $10 costs and disbursements against respondents jointly, and general preference granted. In view of the uncontradicted claim of the seriousness and permanency of the female plaintiff's alleged injuries, this case should have been granted a general preference. Rabin, P. J., Hopkins, Munder, Latham, and Shapiro, JJ., concur.